UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

'16 JUN 8 AM 9 :15

U.S. DISTRICT COURT
OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDDIE ODNEY,<br>Defendant. | Crim. No. 16cr10160<br><br>Violations:<br><br>18 U.S.C. § 1029(a)(2)<br>(Access Device Fraud)<br><br>18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C)<br>(Criminal Forfeiture) |

## INFORMATION

The United States Attorney charges:

At all times relevant to this Information:

1. The defendant, EDDIE ODNEY ("ODNEY") was a police officer employed by the Boston Police Department.

2. Since at least 2014, ODNEY maintained a relationship with a member of a shoplifting ring. The ring operated by shoplifting expensive merchandise from various department stores and then returning these items in exchange for gift cards, which members of the ring would then sell at approximately half their dollar value.

3. On various dates in the calendar year 2015, ODNEY purchased approximately $5,000 worth of gift cards from a member of the shoplifting ring ("the seller") that he knew were obtained from the return of stolen merchandise at various retail stores.

4. In the calendar year 2015, ODNEY made over $1,600 in purchases with these gift cards at various stores.

## COUNT ONE
### Access Device Fraud
### 18 U.S.C. §§ 1029(a)(2)

5. Paragraphs 1 through 4 are hereby incorporated herein by reference.

6. From at least on or about January 2015 through December 2015, within the District of Massachusetts and elsewhere, the Defendant,

### EDDIE ODNEY,

knowingly and with intent to defraud used one or more unauthorized access devices during a one year period, to wit, calendar year 2015, and by such conduct obtained things of value aggregating $1000 or more during that one-year period, in that the defendant ODNEY used multiple access devices, that is, gift cards obtained from the return of stolen merchandise at retail establishments, and thereby obtained things of value aggregating approximately $1,600 during this one year period, and thereby affected interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(2).

## FORFEITURE ALLEGATION
### 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C)

1. Upon conviction of the offense alleged in Count One of this Information,

**EDDIE ODNEY,**

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C): (1) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense; and (2) any personal property used or intended to be used to commit the offense. Such property includes, but is not limited to, the following:

   a. a money judgment in the amount of $1,600 United States currency.

2. If any of the property described in Paragraph 1, above, as a result of any act or omission by the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), both of which incorporate 21 U.S.C § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1, above.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

Dated: 6/8/16

Eugenia M. Carris
Assistant United States Attorney